So Ordered.

Dated: April 6th, 2016

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

DEBORAH J. GREEN,

    Debtor.

Case No. 16-00308-FPC13

**NOT FOR PUBLICATION**

MEMORANDUM DECISION RE: TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

## I. INTRODUCTION

On February 2, 2016, debtor Deborah J. Green filed her individual Chapter 13 petition. On February 17, 2016, the debtor's counsel, Gregory Heline, filed a Disclosure of Compensation of Attorney for Debtor (ECF No. 19), disclosing the flat fee agreement between himself and the debtor. The fee agreement stated that the debtor would pay Mr. Heline a flat fee of $4,000 for services related to the bankruptcy. On the same day, the debtor filed her Chapter 13 Plan, which included the flat fee of $4,000. Pursuant to Local Bankruptcy Rule 2016-1(e), a $4,000 flat fee is allowed for business cases and a flat fee of $3,000 is allowed for consumer cases. On March 30, 2016, the Chapter 13 Trustee objected to the $4,000 fee. The

Chapter 13 Trustee argued that a $3,000 flat fee was appropriate, rather than the $4,000 flat fee, because the debtor is not a "business" debtor as that term is used in the local rule. As discussed below, the Chapter 13 Trustee's objection is sustained and therefore a flat fee of only $3,000 will be allowed.

## II. DISCUSSION

Under Local Bankruptcy Rule 2016-1(e), an attorney's flat fee agreement "may not exceed $3,000 in a consumer case or $4,000 in a business case as defined in § 1304(a) of the Code." 11 U.S.C. § 1304(a) states that a "debtor that is self-employed *and* incurs trade credit in the production of income from such employment is engaged in business." Both conditions must be met in order to qualify as a business under the statute.[1]

During the confirmation hearing held on March 30, 2016, the debtor's attorney argued that the debtor's position as a real estate agent, as well as her expenses for liability insurance, signage, and other business debtor related costs demonstrated that she is a business debtor under the local rule. The debtor's attorney drew the court's attention to ECF No. 25, which contained business income and expense information for six months. While the court agrees that these statements contain evidence that the debtor is self-employed, the court finds that the statements do not contain enough information to show that the debtor incurs "trade credit" as

---

[1] *In re Whitcomb,* 310 B.R. 428 (W.D. Ark. 2004).

required by 11 U.S.C. § 1304(a). Although "trade credit" is not a defined term under the Code, courts have described "trade credit" as involving the exchange of goods and services for other goods and services without payment of money.[2] This court agrees with this definition.

In this case, the debtor's expenses, which include rent, signage installments, and insurance payments, do not rise to the level necessary to be considered "trade credit." If the debtor had a continuous advertising relationship in which the advertiser provided materials on credit, this court would be more inclined to find that the debtor meets this requirement. There is not enough to show that the debtor is incurring trade credit.

At the confirmation hearing, the debtor's attorney stated that the debtor's Statement of Current Monthly Income and Calculation of Commitment Period of 3 Years, filed on February 17, 2016 (ECF No. 18), provided the court with evidence that the debtor is engaged in business as described under the local rule. This document lists the debtor's income at $3,844.18 and her ordinary expenses at $1,034.82. However, this document does not show that the debtor meets the requirements under 11 U.S.C. § 1304(a). This court also considered that there is no mention of business expenses in the debtor's Schedule J, no business property listed in Schedule A/B, and no indication that the debts the debtor is attempting to

---

[2] *In re Whitcomb,* 310 B.R. at 431.

discharge have any connection with her business.[3] Had the debtor shown that business property and expenses are at issue in this case, or that debts she is attempting to discharge stemmed from her operating a business, this court would be more inclined to allow her attorney to charge the $4,000 flat fee under the local rule in order to compensate for the increased complexity of the Chapter 13 case.[4] According to the information provided to the court, this is not a "business case" as that term is used in Local Rule 2016-1(e).

### III. CONCLUSION

This court is not ruling in this case that real estate agents will never qualify as business debtors under the local rule. The court will analyze each case separately. However, in this case, the debtor does not qualify as a business debtor and a flat fee of $3,000, not $4,000, will be allowed. The debtor may file a modification of her proposed plan consistent with this decision.

///END OF MEMORANDUM DECISION///

---

[3] A majority of debtor's debts are "consumer" debts, which include amounts for medical bills and car payments, among others.

[4] Moreover, even though this is a consumer case, the debtor's attorney could charge more than $3,000, but he would have to submit a fee application as opposed to relying on the flat fee authorized by the local rules.